

# Missouri Court of Appeals
## Southern District

### In Division

In re the Marriage of: )
MICHELLE L. KURZ, )
                       )
           Respondent, )
                       )    No. SD37918
     vs.                     )
                       )    **Filed: September 12, 2023**
RODD E. KURZ, )
                       )
           Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Jerry L. Holcomb, Judge

### DISMISSED

Rodd Kurz ("Appellant") appeals a judgment that dissolved his marriage to Michelle Kurz ("Respondent"), divided the parties' marital and non-marital property, and awarded child custody and support. Respondent has moved to strike Appellant's brief and for dismissal due to deficiencies in Appellant's briefing.

Appellant's brief does not conform to the requirements of Rule 84.04.[1] Several assertions in his fact section lack "specific page references to the relevant portion of the record on appeal." Rule 84.04(c). "[T]o a significant extent, this seems to be due to

---

[1] Rule references are to Missouri Court Rules (2023).

reliance on argument or speculation as though such were facts proper for our consideration (to be clear, they are not)." ***Biggs by Next Friend Biggs v. Brinneman***, 598 S.W.3d 697, 703 (Mo.App. 2020). *See* Rule 84.04(c) (statement of facts must be fair, concise, and "without argument"). Each point relied on is followed by a list of authorities in excess of the four permitted by Rule 84.04(d)(5). Finally, none of the argument portions in Appellant's brief contain "a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review," as required by Rule 84.04(e).

Rule 84.04 briefing requirements are mandatory; the failure to substantially comply preserves nothing for review. ***Williams v. Williams***, 669 S.W.3d 708, 714 (Mo.App. 2023). For Rule 84.04 noncompliance alone we would be justified in dismissing this appeal. ***Pickett v. Bostwick***, 667 S.W.3d 653, 662 (Mo.App. 2023). We have discretion to overlook minor briefing deficiencies, but only if we can ascertain the gist of an appellant's arguments. ***Williams***, 669 S.W.3d at 714. We will not engage in *ex gratia* review in this case because other shortcomings further impede meaningful appellate review of the claims of error as asserted.

In Points 1 and 4, Appellant attempts to raise claims that (1) the trial court sustained Respondent's objection and improperly excluded certain testimony Appellant attempted to elicit from a witness, and (2) the trial court did not permit Appellant adequate time to present his evidence. No timely objection was raised as to the time in which to present evidence,[2] and no offer of proof was requested or made as to either claim

---

[2] Appellant does not reference, and we did not find, any formal limitation on the presentation of evidence. The record shows the matter was set for a one-day trial, which, when asked if that time was sufficient, Appellant's counsel stated, "I think we'll be fine." The court extended trial to a second day when the presentation of evidence took longer than anticipated, then, toward the end of the second day, indicated the hearing would not run beyond 5:00 pm.

of error. "A party who complains about the exclusion of evidence should make an offer of proof to inform the trial court of the content of the evidence proffered and to allow this court to determine the prejudicial effect of the exclusion." ***Colquitt v. Muhammad***, 86 S.W.3d 144, 152 (Mo.App. 2002). This principle applies to evidence or testimony that is alleged to have been excluded by a time limitation for the presentation of evidence. ***Id.*** at 152-53. *See also **Young v. Pitts***, 335 S.W.3d 47, 60 (Mo.App. 2011) ("In all cases, an offer of proof must be made, . . . stating what evidence would have been produced had additional time been allowed and how the party seeking to introduce that evidence was prejudiced by its being excluded."). Even if the court did err, which we do not decide, we could not possibly determine any prejudicial effect of the court's rulings because we do not know what additional evidence, if any, would have been adduced by Appellant.

In Points 2 and 3, Appellant claims error in the calculation of child support and in classification of certain real estate as non-marital property. "[I]n a court-tried civil case, the 'judgment of the trial court *will be sustained* by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" ***Biggs***, 598 S.W.3d at 702 (quoting ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976)). "[A] point on appeal must proceed under **one** of the *Murphy v. Carron* grounds, each of which requires a distinct analytical framework." ***Ebert v. Ebert***, 627 S.W.3d 571, 580 (Mo.App. 2021).

Appellant does not state which of the three *Murphy* grounds are the basis for his second and third points, either in his points or in argument thereunder. At times he appears to challenge the application of the law, while at other times he appears to challenge the sufficiency or the weight of the evidence. A single point that implicates more

than one *Murphy* standard is multifarious and preserves nothing for review. ***Id.***

"Compliance with *Murphy*'s requirements is a prerequisite to success on appeal; without

such compliance (as here), an appellant's argument simply cannot succeed." ***Biggs***, 598

S.W.3d at 702.

Respondent's motion is granted. Appeal dismissed.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS